UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAY HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>A CARWITHEN,<br><br>    Defendant. | Case No. 22-cv-01505-EMC<br><br>**ORDER CONSTRUING PLAINTIFF'S WITHDRAWAL REQUEST AS A MOTION TO AMEND, GRANTING MOTION TO AMEND AND REMAND, AND DENYING DEFENDANTS' SCREENING REQUEST AS MOOT**<br><br>Docket Nos. 2, 8 |

        Plaintiff Michael Jay Harris filed the instant action in Monterey County Superior Court. *See* Docket No. 1-1 ("Complaint"). Mr. Harris's Complaint includes several federal claims, and Defendants timely removed the action to federal court. *See* Docket No. 1.

        Mr. Harris asks the Court to allow him to "withdraw the complaint" and "remand the case to" Monterey County Superior Court. Docket No. 8. As justification, Mr. Harris provides a copy of an amended complaint he has filed in Monterey County Superior Court. *See id.*, Ex. B. Defendants note that Mr. Harris's amended complaint still contains several federal claims. *See* Docket No. 9 at 3; *see also* Docket No. 8, Ex. B at 16 (stating that Defendant Carwithen violated "federal laws"), 17 (referring to the elements of First and Eighth Amendment claims). In response, Mr. Harris represents that "his claim is that [Defendant Carwithen] was negligent in the performance of his duties and caused mental injuries," and that this action "[t]herefore . . . is more appropriately suited for state court." Docket No. 10.

        The Court construes Mr. Harris's request for remand and assertion that he intends to pursue only state-law claims as a motion to amend the Complaint. So construed, Mr. Harris's

motion is **GRANTED**. A party "may amend its pleading once as a matter of course" until 21 days after a responsive pleading or dispositive motion has been filed. Fed. R. Civ. P. 15(a). Here, no responsive pleading or dispositive motion has been filed, nor is one even due. Mr. Harris therefore is entitled to amend his Complaint as a matter of course and it is deemed so amended. As amended, the Complaint no longer contains any federal claims. As there is no longer a basis for federal subject matter jurisdiction, this action is **REMANDED** to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added). [1]

Defendants' request for screening of the Complaint is **DENIED** as moot.

This order disposes of Docket Nos. 2 and 8.

**IT IS SO ORDERED**.

Dated: October 28, 2022

_____
EDWARD M. CHEN
United States District Judge

---

[1] *See Great Am. Ins. Co. v. Spherion Pac. Workforce, LLC,* No. 16-CV-00986-JST, 2016 WL 4423378, at *1 (N.D. Cal. Aug. 22, 2016) (granting motion to amend and remanding in one order, where the plaintiff had filed a proposed amended complaint which destroyed federal subject matter jurisdiction); *Oettinger v. Home Depot*, No. C 09-01560 CW, 2009 WL 2136764 (N.D. Cal. July 15, 2009) (same); *Walsh v. Home Depot U.S.A., Inc.*, No. C-06-4207 SC, 2006 WL 2884411, at *1 (N.D. Cal. Oct. 10, 2006) (same).

2